IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. MARK A. BARRY, | : | |
| Plaintiff, | : : : | |
| v. | : : | C.A. No.: |
| ORTHOPEDIATRICS CORP., | : : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dr. Mark A. Barry ("Dr. Barry"), through his undersigned counsel, hereby alleges as follows:

**I.    THE PARTIES**

1. Dr. Barry is an orthopedic surgeon who resides in San Diego, California. Dr. Barry is sole owner of United States Patent Nos. 7,670,358 ("the '358 patent"); 8,361,121 ("the '121 patent"); 9,339,301 ("the '301 patent"); 9,668,787 ("the '787 patent"); and 9,668,788 ("the '788 patent") (collectively, the "Asserted Patents").

2. On information and belief, Defendant OrthoPediatrics Corp. ("OrthoPediatrics") is a corporation organized and existing under the laws of Delaware, with a registered agent The Corporation Trust Company at Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

**II.    JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* The Court has subject matter jurisdiction pursuant to 35 U.S.C. §§ 1331 and 1338(a).

4. The Court has personal jurisdiction over OrthoPediatrics because it is incorporated in Delaware and thus resides within this judicial district.

5. Venue is proper pursuant to 28 U.S.C. § 1400(b) because OrthoPediatrics is incorporated in Delaware and thus resides in this judicial district.

## III. THE '358 PATENT

6. On March 2, 2010, the United States Patent and Trademark Office issued the '358 patent, entitled SYSTEM AND METHOD FOR ALIGNING VERTEBRAE IN THE AMELIORATION OF ABERRANT SPINAL COLUMN DEVIATION CONDITIONS. (Copy Attached as Exhibit A.)

7. Dr. Barry is the owner of all right, title, and interest in the '358 patent, including the right to sue, enforce, and recover damages for all infringements.

8. The '358 patent has not expired and is in full force and effect.

9. Pursuant to 35 U.S.C. § 282, the '358 patent and each of its claims are presumed valid and enforceable.

10. The '358 patent contains claims, for example claims 4 and 5, directed to a method of derotating vertebrae via the simultaneous application of force to linked engagement members attached to implanted pedicle screws.

## IV. THE '121 PATENT

11. On January 29, 2013, the United States Patent and Trademark Office issued the '121 patent, entitled SYSTEM AND METHOD FOR ALIGNING VERTEBRAE IN THE AMELIORATION OF ABERRANT SPINAL COLUMN DEVIATION CONDITIONS. (Copy Attached as Exhibit B.)

12. Dr. Barry is the owner of all right, title, and interest in the '121 patent, including the right to sue, enforce, and recover damages for all infringements.

13. The '121 patent has not expired and is in full force and effect.

14. Pursuant to 35 U.S.C. § 282, the '121 patent and each of its claims are presumed valid and enforceable.

15. The '121 patent contains claims, for example claims 2, 3, and 4, directed to a system used in derotating vertebrae via the simultaneous application of force to linked engagement members attached to implanted pedicle screws.

## V. THE '301 PATENT

16. On May 17, 2016, the United States Patent and Trademark Office issued the '301 patent, entitled SYSTEM AND METHOD FOR ALIGNING VERTEBRAE IN THE AMELIORATION OF ABERRANT SPINAL COLUMN DEVIATION CONDITIONS. (Copy Attached as Exhibit C.)

17. Dr. Barry is the owner of all right, title, and interest in the '301 patent, including the right to sue, enforce, and recover damages for all infringements.

18. The '301 patent has not expired and is in full force and effect.

19. Pursuant to 35 U.S.C. § 282, the '301 patent and each of its claims are presumed valid and enforceable.

20. The '301 patent contains claims, for example claims 1-10, directed to both a system for use in, as well as the method for, derotating vertebrae via the simultaneous application of force to linked engagement members attached to implanted pedicle screws.

## VI. THE '787 PATENT

21. On June 6, 2017, the United States Patent and Trademark Office issued the '787 patent, entitled SYSTEM AND METHOD FOR ALIGNING VERTEBRAE IN THE AMELIORATION OF ABERRANT SPINAL COLUMN DEVIATION CONDITIONS. (Copy Attached as Exhibit D.)

22. Dr. Barry is the owner of all right, title, and interest in the '787 patent, including the right to sue, enforce, and recover damages for all infringements.

23. The '787 patent has not expired and is in full force and effect.

24. Pursuant to 35 U.S.C. § 282, the '787 patent and each of its claims are presumed valid and enforceable.

25. The '787 patent contains claims, for example claims 1-9, directed to a method for derotating vertebrae via the simultaneous application of force to linked elongated levers attached to implanted pedicle screws.

## VII. THE '788 PATENT

26. On June 6, 2017, the United States Patent and Trademark Office issued the '788 patent, entitled SYSTEM AND METHOD FOR ALIGNING VERTEBRAE IN THE AMELIORATION OF ABERRANT SPINAL COLUMN DEVIATION CONDITIONS. (Copy Attached as Exhibit E.)

27. Dr. Barry is the owner of all right, title, and interest in the '788 patent, including the right to sue, enforce, and recover damages for all infringements.

28. The '788 patent has not expired and is in full force and effect.

29. Pursuant to 35 U.S.C. § 282, the '788 patent and each of its claims are presumed valid and enforceable.

30. The '788 patent contains claims, for example claims 1-6, directed to a system for use in derotating vertebrae via the simultaneous application of force to linked elongated levers attached to implanted pedicle screws.

## VIII. KNOWLEDGE OF DR. BARRY'S PATENTS AND PATENT RIGHTS

31. OrthoPediatrics manufacturers medical devices and competes in the relevant area of spinal correction with various companies.

32. Given the competitive landscape in which OrthoPediatrics operates, on information and belief, OrthoPediatrics has monitored not only the products and techniques offered by its competitors, but also the intellectual property and licenses competitors have reached regarding third-party intellectual property rights.

33. As stated on the face of the '358 patent, Dr. Barry's earliest patent at issue in this Complaint and the parent to the other Asserted Patents, Dr. Barry's '358 patent published in 2006. Dr. Barry's patent rights were licensed by what is now known as Zimmer Biomet ("Biomet"), which initially commercialized Dr. Barry's invention and provides a licensed product called the Trivium Derotation System. Upon information and belief, OrthoPediatrics has known of Dr. Barry, his inventions, and his Asserted Patents for years. Upon further information and belief, OrthoPediatrics, through its efforts to keep appraised of its industry and/or the intellectual property associated with its industry, has known of the Asserted Patents as each was issued by the United States Patent and Trademark Office.

34. In 2014, Dr. Barry sued OrthoPediatrics's competitor, Medtronic, Inc. ("Medtronic"), in the Eastern District of Texas (Civil Action No. 1:14-cv-104) ("Medtronic Case") for infringement of two of the Asserted Patents at issue in this case: the '358 and '121 patents. These patents are the parent patents to the remaining Asserted Patents in this Complaint.

35. Dr. Barry asserted that Medtronic induced surgeons to infringe the '358 and '121 patents through their use of Medtronic's Vertebral Column Manipulation ("VCM") system. Dr. Barry ultimately prevailed at trial. The jury found Medtronic liable for willful infringement and that both patents were not invalid. The court found against Medtronic on its inequitable conduct defense. Medtronic lost its appeal to the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court denied Medtronic's petition for a writ of certiorari.

36. Medtronic filed several unsuccessful petitions for *inter partes* review of the '358 patent and '121 patent. OrthoPediatrics knows of this fact.

37. While the Medtronic case was on appeal, in 2017 Dr. Barry sued two additional OrthoPediatrics competitors—Globus Medical, Inc. ("Globus") and various DePuy entities[1]—accusing them of inducing infringement of all Asserted Patents. Dr. Barry brought these actions in the United States District Court for the Eastern District of Pennsylvania (Civil Action Nos. 2:17-cv-02998 ("Globus Case") and 2:17-cv-03003 ("DePuy Case")). The Globus Case settled and was dismissed with prejudice on August 29, 2019. The DePuy Case is still pending.

38. Upon information and belief, OrthoPediatrics was aware of the Medtronic Case since the inception of that suit. At the very least, OrthoPediatrics would have learned of Dr. Barry and his '358 and '121 patents no later than January 25, 2016, when Dr. Barry served OrthoPediatrics with subpoenas in relation to the Medtronic Case.

39. OrthoPediatrics was aware of the '301 patent, '787 patent, and '788 patent at least by or around August 28, 2017, when Dr. Barry sent OrthoPediatrics a letter regarding its infringement of the Asserted Patents.

40. Upon information and belief, OrthoPediatrics has been aware of Medtronic's VCM system since that product was released on the market. OrthoPediatrics knows that Medtronic was found to willfully infringe the '358 and '121 patents through Medtronic's inducement of surgeons to use the VCM system.

41. Likewise, upon information and belief, OrthoPediatrics has been aware of Biomet's Trivium Derotation System since that product was released on the market. Indeed, a comparison of the infringing OrthoPediatrics RESPONSE Spine System (below, left) and the

---

[1] The DePuy defendants consist of DePuy Synthes Products, Inc., Medical Device Business Services, Inc., and DePuy Synthes Sales, Inc. (d/b/a DePuy Synthes Spine).

licensed Biomet Trivium Derotation System (on the right) indicates that OrthoPediatrics copied the Biomet system in designing its infringing option:

| Infringing<br>OrthoPediatrics RESPONSE System | Licensed<br>Biomet Trivium Derotation System |
|---|---|
| | |
| Exhibit F (OrthoPediatrics Nov. 2017 Presentation), at 11 | Exhibit G (Trivium Derotation System Technique Guide), at 7 |

42. In light of all of the indications of the patented methods and systems that OrthoPediatrics's products implemented, OrthoPediatrics should have been compelled to conduct a patent search that would identify Dr. Barry's patent rights. To the extent OrthoPediatrics did not do so, such conduct was intentional, or at the very least, OrthoPediatrics was willfully blind to Dr. Barry's patent rights.

43. Based on these facts, OrthoPediatrics has either affirmatively known of Dr. Barry's intellectual property covering the equipment and techniques associated with the OrthoPediatrics Products as described herein, or at the very least, been willfully blind to the existence of that intellectual property and its relation to the OrthoPediatrics Products as described herein.

## IX. ORTHOPEDIATRICS PRODUCTS

44. The term "OrthoPediatrics Products" as used herein refers to the OrthoPediatrics RESPONSE Spine System and any other instruments manufactured, sold, distributed, loaned, or otherwise used to derotate *en bloc* multiple levels of vertebrae.

45. OrthoPediatrics has manufactured, sold, distributed, loaned, consigned, or otherwise made available vertebral derotation instruments under the name RESPONSE Spine System.

46. OrthoPediatrics explains that the "primary features of the RESPONSE 5.5/6.0mm Spine System include the following … unique one step, snap-on rod reduction instruments that complement the versatile rod reduction *and coupled derotation options*." Exhibit H (RESPONSE Surgical Technique Guide), at 3 (emphasis added).

47. The following image of the RESPONSE Spine System shows six rods or levers attached to six pedicle screws and connected via clamps along the length of the spine as well as transversely across the spine. Exhibit I (RESPONSE Spine System Features & Benefits), at 1 & 2.



48. The following image shows the RESPONSE Spine System assembled in a slightly different manner, with four rods connected to four pedicle screws. Exhibit F at 11. "Multi Segment Rotation Pins" connect the "Multi Segment Rotation Handles" along the spine. Exhibits H at 15. And a comb-shaped cross-connector device connects the linked handles transversely across the spine.



49. According to the RESPONSE Spine System Surgical Technique Guide, the RESPONSE Spine System can be used with the RESPONSE line of implantable products. *See generally* Exhibits H & I.

50. OrthoPediatrics specifically and intentionally has designed the OrthoPediatrics Products to be competitive in the market, making use of industry norms in the standard of care such as *en bloc* derotation, and upon information and belief, has and will continue to educate, encourage, direct, train, or otherwise induce the performance of methods and construction of instruments that make use of those norms.

X. COUNT I: WILLFUL INFRINGEMENT OF THE '358 PATENT

51. Dr. Barry incorporates by reference the preceding paragraphs of this Complaint.

52. OrthoPediatrics, without license or authorization to do so, induces the infringement of the '358 patent by manufacturing, selling, distributing, loaning, consigning, or otherwise making available the RESPONSE Spine System to surgeons performing spinal

derotation procedures resulting in the performance of the methods of at least claim 4 of the '358 patent.

53. Upon information and belief, OrthoPediatrics provides instruction, education, or encouragement to surgeons on how to perform spinal derotation procedures using the RESPONSE Spine System that infringe at least claim 4 of the '358 patent.

54. For example, when assembled as instructed, the RESPONSE Spine System involves implanting at least two sets of pedicles screws in multiple levels of vertebrae, and using engagement members which act as levers attached to the pedicle screws. As taught by OrthoPediatrics, a spinal rod is passed through the head portions (or spinal rod conduits) of the implanted pedicle screws, which is then secured by an engagement means, such as a set screw (Exhibit F at 11):



55. As the above-images confirm, OrthoPediatrics teaches linking the engagement members one to another across the spine (i.e., transverse the spine). OrthoPediatrics also teaches linking of engagement members on the same side of the spine (i.e., longitudinal linking). Such longitudinally linked engagement members form a representative "handle means," which is mechanically linked to those engagement members. With the exception of the screws and rods, the construct described in this paragraph is a representative pedicle screw cluster derotation tool.

56. OrthoPediatrics provides instruction, education, or encouragement to surgeons on how to use a second pedicle screw cluster derotation tool—with the same components as discussed above—together with a second set of pedicle screws and second spinal rod, to perform a derotation maneuver that involves applying force to the handle means of both tools substantially simultaneously.

57. OrthoPediatrics teaches the use of such constructs to perform a derotation maneuver of the engaged vertebrae. For example, OrthoPediatrics provides detailed, step-by-step instructions on how surgeons should attach the RESPONSE engagement members or rods (called "Rod Reducers" and "Rod Reduction Towers") to each pedicle screw that is implanted in the to-be derotated vertebrae, attach multiple "[h]andles" to that construct that are positioned parallel to each other and connected via a "multi segment rotation pin" through "slots in the handles," and ultimately, "[d]erotate the spine by manipulating the construct" (Exhibit J (RESPONSE Spine System Overview), at 6, (emphasis added)):



**Coupled Derotation**

- Snap-fit to engage the Jiminy™ Rod Reducer or Rod Reduction Towers <u>to each pedicle screw per the vertebral bodies to be manipulated</u>.
- If using the Rod Reduction Tower, assemble the Multi Segment Rotation <u>Handles</u> to the towers.
- If using the Jiminy Rod Reducer, assemble the Jiminy Extension <u>Handles</u> to the reducers.
- <u>Derotate the spine by manipulating the construct.</u> With continued derotation and translational forces applied by the triangulated constructs.
- <u>Position the handles parallel to each other.</u>
- <u>Insert multi segment rotation pin through the slots in the handles.</u> The pins may be offset to accomodate possible differing orientation of the towers relative to the vertebral body.

58.  On information and belief, the RESPONSE Spine System has been assembled in the above-described manner, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

59.  In this manner, OrthoPediatrics induces surgeons to infringe at least claim 4 of the '358 patent when they use the RESPONSE Spine System.

60.  At all times relevant to this cause of action, OrthoPediatrics provided the instruction, education, encouragement, or direction described above to surgeons with the intent of having those surgeons perform the methods of the '358 patent and infringe the claims therein.

61.  OrthoPediatrics knows and at all relevant times has known of its infringement of the '358 patent or at the very least has been willfully blind to its infringement of the '358 patent.

62.  Because OrthoPediatrics knows and at all relevant times has known of its infringement of the '358 patent, or at the very least has been willfully blind to its infringement of the '358 patent, its infringement is deliberate and willful.

63. Dr. Barry has been and continues to be damaged and irreparably harmed by OrthoPediatrics's infringement of the '358 patent.

64. Upon information and belief, such infringement has been, and will continue to be, willful, and upon further belief, OrthoPediatrics lacks any reasonable invalidity or non-infringement defenses making this case exceptional and entitling Dr. Barry to increased damages and reasonably attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

## XI. COUNT II: WILLFUL INFRINGEMENT OF THE '121 PATENT

65. Dr. Barry incorporates by reference the preceding paragraphs of this Complaint.

66. OrthoPediatrics, without license or authorization to do so, induces the infringement of the '121 patent by manufacturing, selling, distributing, loaning, consigning, or otherwise making available the RESPONSE Spine System to surgeons performing spinal derotation procedures resulting in the assembly of systems that infringe at least claim 2 of the '121 patent.

67. OrthoPediatrics provides instruction, education, or encouragement to surgeons performing spinal derotation procedures on how to assemble systems using the RESPONSE Spine System that infringe at least claim 2 of the '121 patent.

68. For example, OrthoPediatrics has caused surgeons to assemble the RESPONSE Spine System as described in paragraphs 48 and 55-58, where the two pedicle screw cluster derotation tools described and depicted in those paragraphs include a minimum of three engagement members apiece, and further include a cross-link, or connection across the spine, of the two pedicle screw cluster derotation tools. This construct infringes at least claim 2 of the '121 patent.

69. Upon information and belief, the RESPONSE Spine System has been assembled in the above-described manner, such that when force is applied to the entire construct the force is

received simultaneously across the engagement members resulting in the derotation of the vertebrae.

70. At all times relevant to this cause of action, OrthoPediatrics provided the instruction, education, encouragement, or direction described above to surgeons with the intent of having those surgeons construct and use the systems of the '121 patent and infringe the claims therein.

71. OrthoPediatrics knows and at all relevant times has known of its infringement of the '121 patent or at the very least has been willfully blind to its infringement of the '121 patent.

72. Because OrthoPediatrics knows and at all relevant times has known of its infringement of the '121 patent or at the very least has been willfully blind to its infringement of the '121 patent, its infringement is deliberate and willful.

73. Dr. Barry has been and continues to be damaged and irreparably harmed by OrthoPediatrics's infringement of the '121 patent.

74. Upon information and belief, such infringement has been, and will continue to be, willful and upon further belief OrthoPediatrics lacks any reasonable invalidity or non-infringement defense making this case exceptional and entitling Dr. Barry to increased damages and reasonably attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

**XII.   COUNT III: WILLFUL INFRINGEMENT OF THE '301 PATENT**

75. Dr. Barry incorporates by reference the preceding paragraphs of this Complaint.

76. OrthoPediatrics, without license or authorization to do so, induces the infringement of the '301 patent by manufacturing, selling, distributing, loaning, consigning, or otherwise making available the RESPONSE Spine System to surgeons performing spinal derotation procedures resulting in the assembly of systems that infringe at least claim 1 of the '301 patent.

77. Upon information and belief, OrthoPediatrics provides instruction, education, or encouragement to surgeons performing spinal derotation procedures on how to assemble systems using the RESPONSE Spine System that infringe at least claim 1 of the '301 patent.

78. For example, OrthoPediatrics has caused surgeons to assemble the RESPONSE Spine System as depicted in the image shown in paragraph 48. OrthoPediatrics provides instruction, education, or encouragement to surgeons on how to assemble the two pedicle screw cluster derotation tools in this manner with a minimum of three engagement members apiece, where the engagement members of the two tools are attached to pedicle screws on the same vertebrae (in other words, and for example, in a three-by-three assembly), and further teaches the cross-linking of the two pedicle screw cluster derotation tools. This construct, shown below, infringes at least claim 1 of the '301 patent.



79. Upon information and belief, the RESPONSE Spine System has been assembled in the above-described manner, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

80. At all times relevant to this cause of action, OrthoPediatrics provided the instruction, education, encouragement, or direction described above to surgeons with the intent of having those surgeons construct and use the systems of the '301 patent and infringe the claims therein.

81. OrthoPediatrics knows and at all relevant times has known of its infringement of the '301 patent or at the very least has been willfully blind to its infringement of the '301 patent.

82. Because OrthoPediatrics knows and at all relevant times has known of its infringement of the '301 patent or at the very least has been willfully blind to its infringement of the '301 patent, its infringement is deliberate and willful.

83. Dr. Barry has been and continues to be damaged and irreparably harmed by OrthoPediatrics's infringement of the '301 patent.

84. Upon information and belief, such infringement has been, and will continue to be, willful and upon further belief OrthoPediatrics lacks any reasonable invalidity or non-infringement defense making this case exceptional and entitling Dr. Barry to increased damages and reasonably attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

### XIII. COUNT IV: WILLFUL INFRINGEMENT OF THE '787 PATENT

85. Dr. Barry incorporates by reference the preceding paragraphs of this Complaint.

86. OrthoPediatrics, without license or authorization to do so, induces the infringement of the '787 patent by manufacturing, selling, distributing, loaning, consigning, or otherwise making available the RESPONSE Spine System to surgeons performing spinal derotation procedures resulting in the performance of the methods of at least claim 6 of the '787 patent.

87. Upon information and belief, OrthoPediatrics provides instruction, education, or encouragement to surgeons on how to perform spinal derotation procedures using the RESPONSE Spine System that infringe at least claim 6 of the '787 patent.

88. When assembled as instructed, the RESPONSE Spine System involves implanting at least two sets of pedicles screws in two levels of vertebrae, and using elongated levers which act as levers attached to the pedicle screws (in other words, and for example, in a two-by-two construct shown in paragraph 49). As taught by OrthoPediatrics, a spinal rod is passed through the head portions (or spinal rod conduits) of the implanted pedicle screws, which is then secured by an engagement means. OrthoPediatrics teaches linking the elongated levers one to another on the same side of the spine, as well as across the spine, such that a single force moves all elongated levers in unison.

89. OrthoPediatrics teaches the use of such constructs to perform a derotation maneuver of the engaged vertebrae.

90. On information and belief, the RESPONSE Spine System has been assembled in the above-described manner, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

91. In this manner, OrthoPediatrics induces surgeons to infringe at least claim 6 of the '787 patent when they use the RESPONSE Spine System.

92. At all times relevant to this cause of action, OrthoPediatrics provided the instruction, education, encouragement, or direction described above to surgeons with the intent of having those surgeons perform the methods of the '787 patent and infringe the claims therein.

93. OrthoPediatrics knows and at all relevant times has known of its infringement of the '787 patent or at the very least has been willfully blind to its infringement of the '787 patent.

94. Because OrthoPediatrics knows and at all relevant times has known of its infringement of the '787 patent or at the very least has been willfully blind to its infringement of the '787 patent its infringement is deliberate and willful.

95. Dr. Barry has been and continues to be damaged and irreparably harmed by OrthoPediatrics's infringement of the '787 patent.

96. Upon information and belief, such infringement has been, and will continue to be, willful and upon further belief OrthoPediatrics lacks any reasonable invalidity or non-infringement defense making this case exceptional and entitling Dr. Barry to increased damages and reasonably attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

XIV.   COUNT V: WILLFUL INFRINGEMENT OF THE '788 PATENT

97. Dr. Barry incorporates by reference the preceding paragraphs of this Complaint.

98. For the reasons explained in paragraphs 87-92, OrthoPediatrics has induced surgeons to infringe at least claim 1 of the '788 patent, through their use of the RESPONSE Spine System.

99. At all times relevant to this cause of action, OrthoPediatrics provided the instruction, education, encouragement, or direction described above to surgeons with the intent of having those surgeons construct and use the system of the '788 patent and infringe the claims therein.

100. OrthoPediatrics knows and at all relevant times has known of its infringement of the '788 patent or at the very least has been willfully blind to its infringement of the '788 patent.

101. Because OrthoPediatrics knows and at all relevant times has known of its infringement of the '788 patent or at the very least has been willfully blind to its infringement of

the '788 patent its infringement is deliberate and willful.

102.    Dr. Barry has been and continues to be damaged and irreparably harmed by OrthoPediatrics's infringement of the '788 patent.

103.    Upon information and belief, such infringement has been, and will continue to be, willful and upon further belief OrthoPediatrics lacks any reasonable invalidity or non-infringement defense making this case exceptional and entitling Dr. Barry to increased damages and reasonably attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

## XV.    PRAYER FOR RELIEF

WHEREFORE, Dr. Barry requests the following relief:

A. Judgment under 35 U.S.C. § 271 that OrthoPediatrics willfully infringes Dr. Barry's patents referenced and detailed above;

B. Damages under 35 U.S.C. § 284 adequate to compensate Dr. Barry for OrthoPediatrics's willful infringement and continued infringement of Dr. Barry's patents referenced and detailed above;

C. Trebling or other enhancement of the damages pursuant to 35 U.S.C. § 284 as a result of OrthoPediatrics's willful and deliberate acts of infringement;

D. Award pursuant to 35 U.S.C. § 284 of costs and pre- and post-judgment interest on Dr. Barry's compensatory damages; and

E. Award pursuant to 35 U.S.C. § 285 of Dr. Barry's attorneys' fees incurred in this action; and

F. All other relief the Court deems warranted and appropriate.

## XVI.    JURY TRIAL REQUEST

104.    Dr. Barry pursuant to the Seventh Amendment of the United States Constitution requests trial by jury on all issues properly heard by a jury.

- 20 -

| | |
|---|---|
| OF COUNSEL:<br><br>KILPATRICK TOWNSEND<br>& STOCKTON LLP<br>D. Clay Holloway<br>Mitchell G. Stockwell<br>Suite 2800, 1100 Peachtree Street NE<br>Atlanta, GA  30309-4528<br>Telephone:  404 815 6500<br>cholloway@kilpatricktownsend.com<br>mstockwell@kilpatricktownsend.com<br><br>Dario A. Machleidt<br>Kathleen R. Geyer<br>1420 Fifth Avenue, Suite 3700<br>Seattle, WA 98101<br>Telephone: 206-467-9600<br>DMachleidt@kilpatricktownsend.com<br>KGeyer@kilpatricktownsend.com<br><br>Taylor J. Pfingst<br>Two Embarcadero Center, Suite 1900<br>San Francisco, CA 94111<br>TPfingst@kilpatricktownsend.com<br><br>Andrew W. Rinehart<br>1001 West Fourth Street<br>Winston-Salem, NC 27101<br>ARinehart@kilpatricktownsend.com<br><br>Dated:  December 30, 2020 | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP<br><br>*/s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (#3630)<br>300 Delaware Ave., Suite 200<br>Wilmington, DE 19801<br>Telephone: (302) 472-7311<br>dgattuso@hegh.law<br><br>*Attorneys for Plaintiff Dr. Mark A. Barry* |